IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MUNDEE M. HENDERSON, §
§
     Plaintiff, §
§
VS. § NO. 4:19-CV-716-A
§
U.S. BANK TRUST NATIONAL §
ASSOCIATION, AS TRUSTEE OF THE §
IGLOO SERIES III TRUST, §
ET AL., §
§
     Defendants. §

## MEMORANDUM OPINION & ORDER

Came on for consideration the motion by plaintiff, Mundee M.
Henderson, for summary judgment.[1]  Doc.[2] 40.  Having considered
the motion, the response filed by defendants U.S. Bank Trust
National Association, as Trustee of the Igloo Series III Trust,
("U.S. Bank") and Servis One, Inc., d/b/a BSI Financial
Services, Inc. ("BSI"), the reply, the record, and the
applicable legal authorities, the court finds that plaintiff's
motion should be denied.

---

[1] Although the motion is titled "Plaintiff's Motion for Summary Judgment," it appears to be a
motion for partial summary judgment because plaintiff only seeks summary judgment as to one
of her claims, her suit to set aside the foreclosure sale.  Doc. 40 ¶¶ 3-4.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

I.

## Plaintiff's Claims

The above-captioned action concerns events leading up to and including the foreclosure sale of real property inherited by plaintiff. Although plaintiff brings a variety of claims against four defendants, the only claim for which plaintiff seeks summary judgment is a suit against U.S. Bank and BSI to set aside the foreclosure sale. Id. ¶¶ 3-4.

II.

## Grounds of the Motion

On April 13, 2020, plaintiff filed her motion for summary judgement, Doc. 40, and appendix, Doc. 41. Plaintiff argues that she is entitled to summary judgment as to her suit to set aside the foreclosure sale because the notice of sale, Doc. 41 at 66-67, is invalid because it does not provide an address for the substitute trustee, as required by law. Doc. 40 ¶¶ 5-8.

III.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986).

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  <u>Id.</u> at 324; <u>see also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).  In <u>Mississippi Prot. & Advocacy Sys. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits,
> interrogatories, admissions, and depositions could
> not, as a whole, lead a rational trier of fact to find
> for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of

law.[3]  <u>Celotex Corp.</u>, 477 U.S. at 323.   If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Mississippi Prot. &</u> <u>Advocacy Sys.</u>, 929 F.2d at 1058.

IV.

Undisputed Facts

The parties agree as to the relevant facts.   The notice of sale lists twenty-nine substitute trustees, and it was signed by such a substitute trustee, Donna Stockman ("Stockman").   Doc. 41 at 67.   Beneath Stockman's signature on the notice is an address which reads:

> Prestige Default Services
> 600 E John Carpenter Freeway, Suite 200
> Irving, Texas 75062

<u>Id.</u>

---

[3]In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict by saying:

> If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper.   On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.   A mere scintilla of evidence is insufficient to present a question for the jury.

Prestige Default Services ("Prestige") is not listed as a substitute trustee in the notice of sale.  Id.  U.S. Bank and BSI explain that Prestige is "BSI's foreclosure trustee vendor" and that Stockman and the other substitute trustees "conduct foreclosure sales and engage in other foreclosure trustee activities for Prestige Default Services at its request."  Doc. 46 ¶ 6.  Plaintiff does not dispute this assertion or allege that Stockman would not receive correspondence sent to the address provided in the notice.  See generally Doc.40; Doc. 47.

V.

Analysis

Instead of disagreeing about a material fact, the parties disagree only about a question of law.  Under Texas law, "[t]he name and a street address for a trustee or substitute trustees shall be disclosed on the notice [of sale] required by Section 51.002(b)."  Tex. Prop. Code § 51.0075(e).  "Strict compliance (with the law and deed of trust) is necessary to invoke the power of sale under a deed of trust."  In re George W. 59 Inv., Inc., 526 B.R. 650, 653 (N.D. Tex. 2015).  Plaintiff argues that the notice of sale only substantially complies with the statutory requirements because "the address provided is that of Prestige Default Services, and not the substitute trustee's."

5

Doc. 40 ¶ 47; Doc. 47 ¶ 3.  The court finds that the notice strictly complies with § 51.0075(e) and does not find that plaintiff is entitled to judgment as a matter of law.

Plaintiff does not explain why Prestige's address should not be considered "a street address for" Stockman.  See Doc. 40. Plaintiff does not dispute that Stockman "conduct[s] foreclosure sales and engage[s] in other foreclosure trustee activities for Prestige Default Services at its request."  Doc. 46 ¶ 6. Plaintiff does not allege that Stockman could not be reached at this address.  See Doc. 40.  Plaintiff also fails to cite to a case in which a notice of sale was found not to strictly comply with the law because it provided a business address associated with the substitute trustee.  See id. (citing cases in which the notice included no address at all).

Instead, plaintiff makes conclusory statements such as "there is no address for Donna Stockman on the Notice."  Id. ¶ 47.  The court is unaware of any case in which a notice was found to have violated the address requirement because it included a business address associated with the substitute trustee.  Instead, courts have accepted such an address as "a street address for the trustee or substitute trustee."  Tex. Prop. Code § 51.0075(e).

6

For example, in <u>Berg v. Bank of America, N.A.</u>, the plaintiffs contended that the defendants "failed to give the full notice required in issuing the Notices of Substitute Trustee Sale by providing only a business address for the business employing one of the substitute trustees." 2012 WL 12886433 at *7 (W.D. Tex. Sept. 19, 2012). The court found that the plaintiffs' claim failed because "section 51.0075 simply specifies a street address must be provided" and "it is unlikely the intent of the statute was to require the substitute trustee to provide his or her home address." <u>Id.</u>; <u>see also</u> <u>Alsobrook v. GMAC Mortg., LLC</u>, 2012 WL 1643220 at * 7 (N.D. Tex. Apr. 13, 2012) (finding the address for Executive Trustee Services, LLC, satisfied § 51.0075(e) when such business was not listed as a substitute trustee); <u>In re AMRCO, Inc.</u>, 496 B.R. 442, 447 (W.D. Tex. 2013) (finding a notice of sale violated § 51.0075(e) because the substitute trustee's law firm's address was not provided in the notice itself, but in an attached document).

This court likewise finds that Prestige's business address qualifies as "a street address" for Stockman under § 51.0075(e). Accordingly, the court does not find that plaintiff is entitled to judgment as a matter of law, and her motion for summary judgment should be denied.

7

VI.

Order

Therefore,

The court ORDERS that plaintiff's motion for summary judgment be, and is hereby, denied.

SIGNED May **2 3** 2020.

JOHN McBRYDE
United States District Judge

8