U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 20 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MUNDEE M. HENDERSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:19-CV-716-A |
| § | |
| U.S. BANK TRUST NATIONAL § | |
| ASSOCIATION, AS TRUSTEE OF THE § | |
| IGLOO SERIES III TRUST, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION & ORDER

Came on for consideration the motion by defendant Arbelaez Investments, LLC ("Arbelaez") to dismiss the amended complaint. Doc.[1] 51. Having considered the motion, the response by plaintiff, Mundee M. Henderson, the record, and the applicable authorities, the court finds that such motion should be granted.

I.

Factual Background

Accepting all well-pleaded facts in the amended complaint as true,

In 2002, plaintiff's mother and stepfather took out a mortgage to purchase a piece of residential real property in Arlington, Texas ("the property"). Doc. 15 ¶¶ 9, 12-13. As

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

evidence of their promise to repay the loan, plaintiff's mother and stepfather executed a note, which was subsequently assigned by the original mortgagee to Wells Fargo Bank, N.A. ("Wells Fargo"). Id. ¶¶ 13-14. In 2011, plaintiff inherited the property and the debt after the deaths of her stepfather and mother, and in 2016, plaintiff defaulted on the loan. Id. ¶¶ 15-16.

In 2017, Wells Fargo transferred servicing of the mortgage to defendant Servis One, Inc. d/b/a BSI Financial Services, Inc. ("BSI"), id. ¶ 20, and after the transfer, BSI refused to accept payment even though Wells Fargo had approved plaintiff for a loan modification trial period. Id. ¶¶ 21-24. In September 2018, plaintiff received a letter from BSI informing her that it approved plaintiff for a loan modification trial period. Id. ¶¶ 25-27. Such letter stated that the first payment was due the day before plaintiff received the letter, and after plaintiff contacted BSI about the matter, BSI advised her "to hold off on making the payments." Id. In November 2018, BSI told plaintiff that she could apply for another loan modification. Id. ¶ 31. On April 2, 2019, BSI and defendant U.S. Bank Trust N.A., as trustee of the Igloo Series III Trust ("U.S. Bank"), foreclosed and sold the property to Arbelaez. Id. ¶ 37.

2

II.

Procedural Background

In her amended complaint, plaintiff brings suit to quiet title and trespass to try title against Arbelaez, along with other claims against other defendants. Plaintiff pleads that the foreclosure sale in which Arbelaez bought plaintiff's real property was invalid because BSI failed to comply with the terms of the deed of trust.[2]  Doc. 15 ¶¶ 121-29. Specifically, plaintiff asserts that BSI violated RESPA, which was incorporated by reference into the deed of trust, id. ¶ 77, by (I) moving forward with a foreclosure sale while simultaneously working with a borrower to avoid foreclosure ("dual-tracking"), id. ¶¶ 69, 84, 91-92, and (II) refusing to accept payments from plaintiff despite the existence of plaintiff's loan modification trial period with Wells Fargo, id. ¶¶ 85-90.

III.

Grounds of the Motion

Arbelaez filed a motion to dismiss these claims for failure to state a claim upon which relief may be granted. Doc. 51.

---

[2] The amended complaint also states that the sale was invalid because the notice of sale did not disclose the address of the mortgagee or mortgage servicer, in violation of the Texas Property Code. Doc. 15 ¶ 79. However, as the court found in its memorandum opinion and order signed May 23, 2020, the notice of sale did include the required address. Doc. 48.

3

Arbelaez argues that plaintiff's claims cannot stand because Arbelaez was a <u>bona fide</u> purchaser. <u>Id.</u> ¶¶ 8-9.

## IV.

### Applicable Legal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a pleading need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the pleader to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Id.</u> at 555 & n.3. Thus, while a court must accept all of the factual allegations in the pleading as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

4

Moreover, to survive a motion to dismiss, the facts pleaded must allow the court to infer that the pleader's right to relief is plausible. <u>Id.</u> at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Twombly</u>, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

V.

Analysis

Arbelaez argues that plaintiff failed to state a claim because Arbelaez was a <u>bona fide</u> purchaser. Doc. 51 ¶¶ 8-9. The court agrees. "Status as a <u>bona fide</u> purchaser is an affirmative defense to a title dispute." <u>Madison v. Gordon</u>, 39 S.W.3d 604, 606 (Tex. 2001). "To receive this special protection, one must acquire property in good faith, for value, and without notice of any third-party claim or interest." <u>Id.</u> Plaintiff does not plead that Arbelaez acquired the property in bad faith, did not pay value for the property, or had notice of any third-party claim or interest. <u>See</u> Doc. 15 ¶¶ 9-43, 121-129. Further, after Arbelaez raised the defense, plaintiff did

5

not dispute that Arbelaez was a bona fide purchaser.  See Doc. 52.

Instead, plaintiff argues only that the bona fide purchaser defense does not apply because Arbelaez purchased the property at a void foreclosure sale.  Doc. 52 ¶¶ 13-24.  It is true that the bona fide purchaser defense does not apply to a purchaser at a void foreclosure sale.  Diversified, Inc. v. Walker, 702 S.W.2d 717, 721 (Tex. Civ. App.—Houston [1st Dist.] 1985); Henke v. First Southern Props., Inc., 586 S.W.2d 617, 620 (Tex. Civ. App.—Waco 1979); Ocwen Loan Servicing, LLC v. Gonzalez Fin. Holdings, Inc., 77 F. Supp. 3d 584, 596 (S.D. Tex. 2015).

However, accepting the amended complaint's well-pleaded facts[3] as true, the foreclosure sale at issue was, at most, voidable, not void.  "The question of whether a deed is void or voidable depends on its effect upon the title at the time it was executed and delivered."  Slaughter v. Qualls, 162 S.W.2d 671, 674 (Tex. 1942).  A void deed lacks vitality or legal effect and is "a mere nullity, passing no title and conferring no rights whatsoever."  Id.  On the other hand, a voidable deed "operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained

---

[3] Although plaintiff's amended complaint states that the sale was "void," the court need not credit bare legal conclusions.  Iqbal, 556 U.S. at 679.

6

and declared." Id. Here, the sale was valid unless the court finds that the sale was invalid for BSI's purported failure to comply with the terms of the deed of trust. The foreclosure sale was not void and was, at most, voidable.

Plaintiff maintains that failure to strictly comply with the deed of trust renders the foreclosure sale void. Doc. 15 ¶¶ 69, 126. In support of this proposition, plaintiff relies on Houston First American Savings v. Musick. Doc. 52 ¶ 21 (citing 650 S.W.2d 764 (Tex. 1983)). However, the court in Musick never said that failure to comply with the deed terms makes a sale void, but rather, that such a sale is "invalid." Id. at 769. Further, the court in Musick explained, "Were [the buyer] a bona fide purchaser of the property, [a prior owner] would be estopped to assert the invalidity of the trustee's sale." Id. Failure by a mortgage servicer to comply with the terms of a deed of trust does not make a foreclosure sale void.

Because plaintiff failed to plead facts to show that the foreclosure sale here was void, Arbelaez's status as a bona fide purchaser operates as an affirmative defense to plaintiff's claims. Consequently, plaintiff's claims against Arbelaez should be dismissed.

7

VI.

Order

Therefore,

The court ORDERS that the motion to dismiss filed by Arbelaez be, and is hereby, granted, and the claims and causes of action asserted by plaintiff against Arbelaez in this action be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED July 20, 2020.

_____
JOHN McBRYDE
United States District Judge